Michael Tiliakos
  mtiliakos@duanemorris.com
DUANE MORRIS LLP
1540 Broadway
New York, New York 10036
Telephone: (212) 692-1045
Facsimile: (212) 202-6231

NO SUMMONS ISSUED

ORIGINAL

MATSUMOTO, J.

SCANLON, M.J.

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 12 -    6162

-----------------------------------------------------------

ELREAG O DORLE SHARP a/k/a DORLE ELREAG
individually and on Behalf of All Other Persons Similarly
Situated,

                                          Plaintiff,

                    -against-

CONCEPT PRESS, INC.;
JOYCE LIN and
JOHN DOES #1-10, Jointly and Severally,

                                          Defendants.

----------------------------------------------------------- x

Case No. _____

**NOTICE OF REMOVAL
OF ACTION UNDER
28 U.S.C. §§ 1331, 1441, 1446**

(Supreme Court of the State of
New York, County of Queens,
Index No. 22147/12)

        TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF

NEW YORK AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:

        PLEASE TAKE NOTICE that Defendants Concept Press, Inc. ("Concept Press") and

Joyce Lin ("Lin") (collectively "Defendants") file this Notice of Removal pursuant to 28 U.S.C.

sections 1441 and 1446, asserting original federal jurisdiction under 28 U.S.C. section 1331, to

effect the removal of the above-captioned action, which was originally commenced in the

Supreme Court of the State of New York in and for the County of Queens.

## I.   REMOVAL JURISDICTION

1.      This Court has original jurisdiction under 28 U.S.C. §1331 because it involves a civil action arising under the Constitution, laws, or treaties of the United States.  In support of this removal, Defendants make the following showing:

## II.   TIMELINESS OF REMOVAL

2.      On or about October 25, 2012, Plaintiff Ubaldo Maldonado ("Plaintiff") filed a Complaint in the Supreme Court of the State of New York, County of Queens, entitled *Elreag O Dorle Sharp a/k/a Dorle Elreag v. Concept Press, Inc. and Joyce Lin and John Does #1-10, Jointly and Severally*, Index No. 22147/12 ("Complaint").  The Complaint purports to allege causes of action, on behalf of the Plaintiff and all other persons similarly situated, for failure to pay overtime premium compensation for overtime work and failure to pay back wages for overtime.

3.      The Summons and Complaint was served on Defendants on or about November 15, 2012.

4.      This Notice of Removal is timely as it is filed within thirty (30) days of the first receipt by Defendants of a copy of the Complaint.  28 U.S.C. § 1446(b).

5.      All process, pleadings, and orders served in this case are attached as Exhibit "1" hereto, as required by 28 U.S.C. § 1446(a).

## III.   ORIGINAL JURISDICTION

6.      United States District Courts have original jurisdiction under 28 U.S.C. § 1331 as Plaintiff alleges that Defendants engaged in violations of the provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 207 and 211(c) and seeks to proceed as a collective action as provided by 29 U.S.C. § 216(b).

7.      While the Complaint does not cite to a single statute or law – federal or state – or specify the precise statutes of laws under which he is proceeding, a reading of the Complaint clearly establishes that he is pursuing federal claims under the FLSA.

8.      Plaintiff complains on behalf of himself and other **similarly situated** current and former employees and seeks to prosecute his claims as a **collective action**. (Complaint at ¶¶ 2, 3 8, 10, 11, 12, 14, 16, 28, et seq.)  These remedies are not available to Plaintiff under NY State Law, but are expressly stated in the FLSA, 29 U.S.C. § 216(b).

9.      Additionally, Plaintiff states in his Complaint that he **consents** to be a party in this action. (Complaint at ¶ 30.)  This consent is not required under NY State Law, but is an express requirement for participation in a collective action brought under the FLSA, 29 U.S.C. § 216(b).

10.     Plaintiff takes pains to assert that Defendant Concept Press, Inc. is an "enterprise engaged in commerce or in the production of goods for commerce" with "gross annual revenues in excess of $500,000." (Complaint at ¶¶ 9, 27 and 29.)  Again, this designation and revenue threshold are not significant under NY State Law, but are expressly stated in 29 U.S.C. § 203(s)(1)(A)(ii) as necessary definitions for the applicability of the FLSA.

11.     Plaintiff further invokes the provisions of the FLSA in alleging that Defendants violated "applicable law and regulation" by failing to "make, keep and preserve records with respect to plaintiff sufficient to determine the wages, hours, and other conditions ... of employment." (Complaint at ¶ 34.)  This allegation corresponds exactly to the requirements stated in the FLSA, 29 U.S.C. § 211(c). .

**IV.    VENUE**

12.     Venue lies in this Court pursuant to 28 U.S.C. § 112(c), 1391, 1441, and 1446(a). This action originally was brought in the Supreme Court of the State of New York, County of Queens.

**V.     NOTICE OF REMOVAL**

13.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to counsel for the Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, County of Queens.

---

WHEREFORE, Defendants respectfully request this action be duly removed to this Court, and that it proceed herein.


DATED: December 14 2012                    DUANE MORRIS LLP


                                           By
                                              Michael Tiliakos

                                           Attorneys for Defendants

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------------ x

ELREAG O DORLE SHARP a/k/a DORLE ELREAG
individually and on Behalf of All Other Persons Similarly
Situated,

Plaintiff,

Index No. 22147 2012

**NOTICE TO STATE COURT
OF REMOVAL OF ACTION
TO FEDERAL COURT**

-against-

CONCEPT PRESS, INC.;
JOYCE LIN and
JOHN DOES #1-10, Jointly and Severally,

Defendants.

------------------------------------------------------------------------ x

TO THE CLERK OF THE SUPREME COURT, COUNTY OF QUEENS, STATE OF

NEW YORK, AND TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on December 14, 2012, attorneys for Defendants

Concept Press, Inc. ("Concept Press") and Joyce Lin ("Lin") (collectively "Defendants") filed in

the United States District Court for the Eastern District of New York a Notice of Removal of the

above-captioned action to effect the removal of this action from the Supreme Court of the State

of New York, County of Queens.  Defendants attach hereto, as Exhibit A, a true and correct copy

of the Notice of Removal filed in the United States District Court for the Eastern District of New

York.

Accordingly, pursuant to 28 U.S.C. Sections 1441 and 1446, this proceeding has been

removed from this Court and, pursuant to 28 U.S.C. Section 1446(d), the Supreme Court of the

State of New York, County of Queens may proceed no further in this action.

DATED: December 14, 2012

**DUANE MORRIS LLP**
1540 Broadway
New York, New York 10036
Telephone: (212) 692-1045
Facsimile: (212) 202-6231

By _____

Michael Tiliakos

Attorneys for Defendants

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------------ x

ELREAG O DORLE SHARP a/k/a DORLE ELREAG
individually and on Behalf of All Other Persons Similarly
Situated,

                                    Plaintiff,

                    -against-

CONCEPT PRESS, INC.;
JOYCE LIN and
JOHN DOES #1-10, Jointly and Severally,

                               Defendants.

------------------------------------------------------------------------ x

Index No.

**CERTIFICATE OF SERVICE
OF
NOTICE TO STATE COURT
OF REMOVAL OF ACTION
TO FEDERAL COURT**

     I hereby certify that on December _14_ 2012, I served a copy of Defendants Concept

Press, Inc. and Joyce Lin's (collectively "Defendants") **Notice to State Court of Removal of**

**Action, together with its Exhibit A**, on counsel for Plaintiff by First Class Mail, postage

prepaid AND by facsimile at the address and facsimile number below:

                  Jonathan Silver
                   80-02 Kew Gardens Road, Suite 316
                  Kew Gardens, NY 11415.
                  Fax (718) 575-9842
                  *Attorney for Plaintiff*

                                 MICHAEL TILIAKOS

# 22147 / 2012

Opened: **10/25/2012** Type: **Other**

**SHARP,ELREAG O DORLE** vs. **CONCEPT PRESS INC ETANO**

Atty: **JONATHAN SILVER**     Atty:

| Filed | Actions | RecRoom |
|---|---|---|
| 12/5/2012 🖹 AFFIDAVITS OF SERVICE (2) | | 12/5/2012 |
| 10/25/2012 🖹 SUMMONS & VERIFIED COMPLAINT | | |

**Total: 2**

Index No. 22147/12

Date Purchased: 10/25/12

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------X
ELREAG O DORLE SHARP a/k/a DORLE ELREAG
individually and on Behalf of
All Other Persons Similarly Situated

Plaintiff designates
Queens County as
the place of trial

                                    Plaintiff,

                                                        SUMMONS

            -against-
                                                    The basis of venue
                                                    defendant's
                                                    principal place of
                                                    business

CONCEPT PRESS, INC.;
JOYCE LIN and
JOHN DOES #1-10, Jointly and Severally,

                                    Defendants
------------------------------------------------------------------X

To the above named Defendants:

                    YOU ARE HEREBY SUMMONED to Answer the
Complaint in this action and to serve a copy of your Answer, or, if the Complaint
is not served with this Summons, to serve a Notice of Appearance, on the
plaintiff's attorney within 20 days after the service of this Summons, exclusive of
the day of service ( or within 30 days after the service is complete if this Summons
is not personally delivered to you within the State of New York); and in case of
your failure to appear or answer, judgment will be taken against you be default for
the relief demanded in the Complaint.

Dated: Kew Gardens, New York
            October 18, 2012

                                        Yours, etc.,

                                        JONATHAN SILVER, ESQ.
                                        Attorney for Plaintiff
                                        80-02 Kew Gardens Road
                                        Kew Gardens, New York 11415
                                        (718) 520-1010

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
--------------------------------------------------------------------X
ELREAG O DORLE SHARP a/k/a DORLE ELREAG
individually and on Behalf of All Other Persons
Similarly Situated

                    Plaintiff,

                                                 COMPLAINT

          -against-

CONCEPT PRESS, INC.;
JOYCE LIN and
JOHN DOES #1-10, Jointly and Severally,

                  Defendants.
--------------------------------------------------------------------X

      Plaintiff, through his attorney, complaining of defendants, alleges as follows:

          1. Upon information and belief, defendant CONCEPT PRESS, INC is a domestic corporation with principal office in the County of Queens, State of New York.

          2. Upon information and belief, plaintiff alleges on behalf of himself and other similarly situated current and former employees in that they are entitled to unpaid wages for overtime work for which they did not receive overtime premium pay from defendants.

          3. Plaintiff further complains, on behalf of himself and other similarly situated current and former employees, that they are entitled to back wages from defendants for overtime work for which they did not receive overtime premium pay as required by applicable laws and regulations.

          4. Upon information and belief, defendant, CONCEPT PRESS, INC is a New York corporation.

5. Upon information and belief, Defendant, CONCEPT PRESS, INC 34TH maintains its principal place of business at 43-01 22nd Street Long Island City New York 11101.

6. Upon information and belief, Defendant, CONCEPT PRESS, INC at all times relevant hereto conducts business under the name of and is variously known as CONCEPT PRESS.

7. Upon information and belief, Defendant, JOYCE LIN at all times relevant hereto did and continues to own, operate and control the day to day operation and management of CONCEPT PRESS, INC .

8. Upon information and belief, John Does #1-10 represent other officers, directors and/or managing agents of the defendant corporation, whose identities are unknown at this time and who participated in the day-to-day operations of the defendant corporation  and acted intentionally and maliciously and are employers to the plaintiff and others similarly situated under applicable law and regulation and are jointly and severally liable to the plaintiff and others together with the corporate defendant.

9. Upon information and belief, each named defendants is an enterprise engaged in commerce or in the production of goods for commerce. Each named defendant is an enterprise because each performs its related activities for a common business purpose. Each named defendant is engaged in commerce or in the production of goods for commerce, because, inter alia, each named defendant has employees that handle goods and materials that have been produced for and moved in commerce, and, upon

information and belief, each named defendant's annual gross volume of business is at least $500,000.00.

10. Upon information and belief, each named defendant, either directly or indirectly, has hired and/or fired plaintiff; controlled plaintiff's work schedules and the terms and conditions of his employment; determined the rate and method of his payment; and kept at least some records regarding his employment and of those similarly situated.

11. Plaintiff seeks to prosecute his claims as a collective action on behalf of all persons who are now or were formerly employed by defendants who were in comparable positions with the same of similar or different titles and were non-exempt employees within the meaning of applicable law and who have the same or similar claims for unpaid wages from defendants for overtime work for which they did not receive overtime premium pay from defendants hereinafter described as the ( "CLASS")

12. This collective action CLASS is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the defendants and that, upon information and belief, most of those in the CLASS would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

13. Plaintiff will fairly and adequately protect the interests of the CLASS and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interest that is contrary to or in conflict

with those members of this collective action.

14.  A collective action by the CLASS is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, in as much as the damages suffered by individual class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the CLASS to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

15. Questions of law and fact common to the members of the CLASS predominate over questions that may affect only individual members because defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to each member of the CLASS are:

a.      Whether the defendants employed the individual members;

b.      What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

c.      Whether defendants failed to post or keep posted a notice explaining minimum wage laws and/or overtime pay rights in accordance with applicable law and regulation in any area where plaintiff was employed;

d.      Whether defendants failed to pay the individuals wages for overtime work for which they did not receive overtime premium pay from defendants;

e.      Whether defendants violation of applicable law and

regulations were wilful as that term is used within those law and regulations;

      f.     Whether defendants are liable for damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees;  and

      g.     Whether defendants should be enjoined from such violations in the future.

     16.  Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action on behalf of the CLASS.

     17. The claims of the plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy-particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in court against defendants.

     18. Defendants have acted or refused to act on grounds generally applicable to the CLASS, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

     19. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

     20. Plaintiff has the same interests in this matter as all other members of the CLASS and plaintiff's claims are typical of the Class.

21. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

        a.     Whether the defendants employed the members of the Class within the meaning of applicable law and regulation;

        b.     What proof of hours worked is sufficient where employers fail in its duty to maintain time records;

        c.     Whether defendants failed and/or refused to pay the members of the Class premium pay for all hours worked as well as hours worked in excess of forty hours per workweek within the meaning of the applicable law and regulations;

        d.     Whether defendants is liable for all damages claimed hereunder, including but not limited to compensatory, interest, costs and disbursements and attorneys' fees; and

        e.     Whether Defendants should be enjoined from such violations of law and regulation in the future.

## STATEMENT OF FACTS

22. Plaintiff was employed by defendants for many years.

23. Plaintiff's work was performed in the normal course of the defendants' business and was integrated into the business of the defendants.

24. The work performed by plaintiff required little skill and no capital investment. His duties did not include managerial responsibilities or the exercise of

independent judgment.

25. Plaintiff often worked in excess of 40 hours a week, yet the defendants willfully failed to pay plaintiff compensation in accordance with the requirements of minimum wages law and regulations, wilfully failed to pay overtime compensation of one and one-half times her regular hourly rate in violation of applicable law and regulations.

26. Throughout all relevant time periods, upon information and belief, and during the course of plaintiff's own employment, the defendants failed to maintain accurate and sufficient time records.

27. Upon information and belief, at all relevant times, defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce.

28. At all relevant times, defendants employed the plaintiff and others similarly situated and continue to do so.

29. Upon information and belief, at all relevant times, defendants have had gross annual revenues in excess of $500,000.

30. Plaintiff consents to be a party to this action.

31. At all relevant times, the defendants had a policy and practice of refusing to pay overtime compensation to plaintiff for his hours worked in excess of forty hours per workweek.

32. As a result of the defendants' willful failure to compensate Plaintiff for overtime at a rate not less than one and one-half times the regular rate of pay for work

performed in excess of forty hours in a workweek they have violated applicable laws and regulations.

33. Upon information and belief, at all relevant times, defendants failed to post or keep posted a notice explaining the minimum wages laws and overtime pay rights provided by applicable law in any area where plaintiff was employed in violation of applicable law and regulation.

34. As a result of defendants' failure to record, report, credit and/or compensate plaintiff, defendants have failed to make, keep and preserve records with respect to plaintiff sufficient to determine the wages, hours, and other conditions and practices of employment in violation of applicable law and regulation.

35. The foregoing conduct, as alleged, constitutes a willful violation of applicable laws and regulations.

36. Due to defendants' violations, plaintiff is entitled to recover from defendants his unpaid overtime compensation together with statutory damages, liquidated damages as permitted under applicable law and regulation together with attorney's fees, and costs and disbursements of this action.

37. Defendants' violations of law and regulation have caused plaintiff irreparable harm for which there is no adequate remedy at law.

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a.     Certification of this action as a class action pursuant to applicable

law on behalf of the members of the Class and appointing plaintiff and his counsel to represent the Class;

      b.    Designation of this action as a collective action on behalf of the CLASS and prompt issuance of notice to all similarly situated members as directed by applicable law and regulation and by direction of the Court;

      c.    A declaratory judgment that the practices complained of herein are unlawful;

      d.    An award of unpaid overtime compensation from defendants for work performed;

      e.    An award of statutory damages, liquidated and/or punitive damages as a result of the defendants' failure whether wilful or not to pay minimum wages, overtime compensation and unpaid wages from defendant for work performed for which she did not receive compensation;

      f.    An award of pre-judgment and post-judgment interest;

      g.    An award of costs and expenses of this action together with reasonable attorney's and expert fees; and

      h.    Such other and further relief as this Court deems just and proper.

Dated: Kew Gardens, New York
      October 18, 2012

Yours, etc.,

JONATHAN SILVER, ESQ.
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 316
Kew Gardens, NY 11415
(718) 520-1010

## AFFIRMATION OF VERIFICATION

JONATHAN SILVER hereby affirms under penalty of perjury, pursuant to C.P.L.R. 2106, that he is an attorney admitted to practice in the Courts of this State and he is counsel to Plaintiff in the within action; that the foregoing Complaint is true to his own knowledge, except as to matters therein stated to be alleged upon information and belief, and that as to those matters he believes them to be true. That this Complaint is affirmed by your affirmant and not by the Plaintiff because the plaintiff,

_____ is a foreign corporation,

_____ is a corporation, none of whose officers are within the county where affirmant has his office,

__x__ is an individual not within the county where affirmant has his office,

and the source of affirmant's information, and the ground for his belief as to all the matters not stated upon his knowledge are the records and documents maintained as part of his file in the office of the undersigned and based upon conversations with Plaintiff in connection with the facts and circumstances underlying this action and out of which said action arises.

Dated: Kew Gardens, New York
        October 18, 2012

JONATHAN SILVER

SUPREME **COURT** OF THE STATE OF NEW YORK

**STATE OF NEW YORK, COUNTY OF** QUEENS  Index No.  Year

---

ELREAG O DORLE SHARP a/k/a
DORLE ELREAG individually and on
Behalf of All Other Persons Similarly Situated,

Plaintiff,

-against-

CONCEPT PRESS, INC., JOYCE LIN
and JOHN DOES #1-10, Jointly and Severally,

Defendants

---

SUMMONS AND COMPLAINT

---

**JONATHAN SILVER, ESQ.**

PLAINTIFF

*Attorney(s) for*

*Office and Post Office Address, Telephone*
CROSSROAD TOWER
80-02 KEW GARDENS ROAD
KEW GARDENS, NEW YORK 11415
(718) 520-1010
FAX: (718) 575-9842

To  Signature (Rule 130-1.1-a)

Print name beneath

Service of a copy of the within is hereby admitted.

Dated:

**Attorney(s) for**

---

**PLEASE TAKE NOTICE:**

☐ **NOTICE OF ENTRY**

that the within is a *(certified) true copy of a*
duly entered in the office of the clerk of the within named court on

☐ **NOTICE OF SETTLEMENT**

that an order  of which the within is a true copy
will be presented for settlement to the HON.  one of the judges of the
within named Court, at
on  at  M.

Dated:

Yours, etc.

**JONATHAN SILVER, ESQ.**

ORIGINAL

MATSUMOTO, J.

Michael Tiliakos
   mtiliakos@duanemorris.com
DUANE MORRIS LLP
1540 Broadway
New York, New York 10036
Telephone: (212) 692-1045
Facsimile: (212) 202-6231

SCANLON, M.J.

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
CV-12-
-------------------------------------------------------------------- x

6162

ELREAG O DORLE SHARP a/k/a DORLE ELREAG
individually and on Behalf of All Other Persons Similarly
Situated,

                            Plaintiff,

                -against-

CONCEPT PRESS, INC.;
JOYCE LIN and
JOHN DOES #1-10, Jointly and Severally,

                          Defendants.

-------------------------------------------------------------------- x

Case No. _____

**CERTIFICATE OF SERVICE
OF NOTICE OF REMOVAL
OF ACTION UNDER
28 U.S.C. §§ 1331, 1441, 1446**

(Supreme Court of the State of
New York, County of Queens,
Index No. 22147/12)

     I hereby certify that on December _12_ 2012, I served copies of Defendants Concept

Press, Inc. and Joyce Lin's (collectively "Defendants") **Notice of Removal of Action, together**

**with its Exhibit 1**, which was filed with the Clerk of Court, on counsel for Plaintiff by First

Class Mail, postage prepaid AND by facsimile at the address and facsimile number below:

                  Jonathan Silver, 80-02 Kew Gardens Rd, Suite 316
                  Kew Gardens, NY 11415.
                  Fax (718) 575-9842
                  *Attorney for Plaintiff*

                  _____
                  MICHAEL TILIAKOS